UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIENG BIRAME,

        Petitioner,

    v.                                  Case No. 18-cv-184-pp

DAVID BETH,

        Respondent.

## ORDER DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF CASE OR CONTROVERSY

## I.    Background

On February 2, 2018, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the $5.00 filing fee, dkt. no. 2, but the docket indicates that he has paid the fee in full. The court will deny the motion for leave to proceed without prepayment of the filing fee as moot.

The petitioner indicated that at the time he filed the petition, he was incarcerated at the Kenosha County Detention Center on an immigration hold issued by the Department of Homeland Security/Immigrations and Customs Enforcement.[1] Dkt. No. 1. The petition stated that an immigration judge had

---

[1] In a letter dated April 16, 2018, the petitioner notified the court that he had been transferred to Jerome Combs Detention Center in Kankakee, Illinois. Dkt. No. 6. While that means that the petitioner no longer is in the custody of respondent David Beth, the court has not modified the caption of the case for reasons it will explain.

1

issued a decision on April 7, 2017, id. at 2, and the petitioner checked a box indicating he had "been ordered removed or given voluntary departure by an Immigration Judge[,]" id. at 4. In the section where he was asked to describe the status of his appeal, the petitioner wrote that

> [t]he immigration judge denied my application incorrectly. The immigration judge did not allow my testimony. The immigration judge didn't allow me to explain the harm that happened to my [sic]. She also say I could move somewhere.

Id. at 8. The petitioner did not write anything under the "Grounds for Relief" section of his petition, but under "Request for Relief," he wrote: "According to US law I need a release from custody Because I have been detained for more than 6 months. Since I lost my case." Id. at 12.

The documents attached the petition shed light on the petitioner's predicament. He attached a January 24, 2018 letter from U.S. Immigration and Customs Enforcement ("ICE") which stated that on August 24, 2017 and November 28, 2017, ICE attempted to remove the petitioner but the petitioner's behavior at the airport "resulted in an incident/scene which would have made it unsafe to further pursue [his] transfer and removal at this time." Dkt. No. 1-2 at 2. In a January 30, 2018 letter to the court, the petitioner explained that he

> fully cooperated with ICE in the return of my self begin [sic] deported back to my country. On both occasions when we arrived at the airport, they refused to show me any kind of travel documents or to let me call my embassy. In return, I refused to board the plane because they would not show me where I was being deported to other than just telling me to my country.

Dkt. No. 1-2 at 1.

2

## II.   Analysis

Under Rule 1(b) of the Rules Governing 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. <u>Chagala v. Beth</u>, No. 15-CV-531, 2015 WL 2345614, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen," the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Under 8 U.S.C. §1231(a)(3), an alien may be detained for ninety days pending removal. Some aliens, including those who have committed certain crimes or "have been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period," and if they are released, may be subject to other terms of supervision. <u>See</u> 8 U.S.C. §1231(a)(6). In <u>Zadvyas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court concluded that six months was a presumptively reasonable time to detain an alien pending removal under §1231(a)(6). <u>Zadvyas</u>, 533 U.S. at 701. "'After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.'" <u>Belafkih v. Dep't of Homeland Sec.</u>, No. 07-C-

3

452, 2007 WL 1651327, at *1 (E.D. Wis. June 5, 2007) (quoting <u>Zadvyas</u>, 533 U.S. at 701).

If what the petitioner asserts is true, then as of the date he filed his petition, he had been detained for longer than the "presumptive 6-month period." <u>Id.</u> Both the petitioner's letter to this court and ICE's letter to the petitioner reflect that the petitioner has had difficulty obtaining the appropriate travel documents. <u>See</u> Dkt. No. 1-2 at 1-2. This limited information would be enough to allow the petitioner to proceed past the screening stage.

But this case has been pending for a long time. The court did not timely review the petition and deeply regrets its inability to address the petitioner's request for relief more promptly. The responsibility falls on the court and the court alone. It appears that ICE already has removed the petitioner. The court performed an inmate locator search at Jerome Combs Detention Center; it turned up no results. Inmate Search, KANKAKEE COUNTRY SHERIFF'S OFFICE, http://kankakeecountysheriff.com/inmate-search/ (last visited May 4, 2020). The court performed an inmate locator search at Kenosha County Detention Center; it turned up no results. Current Inmate Search, KENOSHA COUNTY, https://www.kenoshacounty.org/1815/Inmate-Searches (last visited May 4, 2020). The court performed an inmate locator search through the Immigrations and Customs Enforcement's inmate locator using the petitioner's immigration case number; it also turned up no results. Online Detainee Locator System, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, https://locator.ice.gov/odls/#/index (last visited May 4, 2020).

Months ago, the court's staff contacted the Chicago field office of ICE. Twice, chambers staff was told that the petitioner had been removed from the country. When the staff member asked for written confirmation, she was told that she needed to fax a request to the field office. The staff member faxed a request on February 20, 2020. To date, there has been no response. The court has not heard from the petitioner since April 16, 2018—over two years.

Given the evidence that the petitioner is no longer in the country, and the petitioner's failure to pursue the case in over two years, the court concludes that there is no "case or controversy" over which this court has jurisdiction. See Mjili v. Pollard, No. 16-CV-173-PP, 2016 WL 4626562, at *2-*3 (E.D. Wis. Sept. 9, 2016) (dismissing case after petitioner's removal for failure to meet Article III "case or controversy" requirement for subject matter jurisdiction).

## IV.    Conclusion

The court **ORDERS** that this petition is **DISMISSED WITHOUT PREJUDICE**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment.  The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

 The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The court will send a copy of the petition and this order to the Kenosha County Sheriff. Under Fed. R. Civ. P. 4(i), the court will also send a copy of the petition and this order to the United States Attorney for this District, and via registered or certified mail to the United States Attorney General in Washington, D.C., the United States Immigration and Customs Enforcement, and the United States Department of Homeland Security.

Dated in Milwaukee, Wisconsin this 5th day of May, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**